# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER L. TERRY, Individually and as Next
Friend of JULIAN S. TERRY, Minor,

UNPUBLISHED
February 16, 2016

Plaintiff-Appellant,

v

No. 325017
Jackson Circuit Court
LC No. 14-000556-NO

CONSUMERS ENERGY COMPANY and
MICHIGAN BELL TELEPHONE COMPANY,
d/b/a AT&T MICHIGAN,

Defendants-Appellees.

Before: O'CONNELL, P.J., and OWENS and BECKERING, JJ.

PER CURIAM.

Plaintiff, Jennifer L. Terry, individually and as next friend of Julian S. Terry, appeals as of right the trial court's order granting summary disposition in favor of defendants, Consumers Energy Company and Michigan Bell Telephone Company. The trial court determined that defendants did not breach their duty of care to Terry. We affirm.

## I. FACTUAL BACKGROUND

In October 2013, nine-year-old Julian was injured after he fell while climbing. Julian testified at his deposition that he climbed branches in a tree until he could reach the iron rods on a utility pole, then climbed using the rods and tree branches together. Julian testified that when his foot slipped from a metal rod, he put his weight on a tree branch, which broke beneath him and caused him to fall. Julian seriously injured his arm on the iron rod that stopped his fall. The iron rods began over 7 feet and 7 inches above the ground.

The Terrys' complaint alleged defendants created a dangerous condition when they allowed a tree to grow near the utility pole, which put the iron rods within reach of children. Defendants moved for summary disposition under MCR 2.166(C)(8) and (10), alleging in pertinent part that they acted reasonably in placing the rods on the pole. Terry responded that the defendants had a duty to reasonably inspect the pole and trim the tree to prevent the hazard. The trial court granted summary disposition under MCR 2.116(C)(10) on the basis that there was no factual dispute regarding whether defendants breached a duty to the Terrys.

## II. ANALYSIS

-1-

The Terrys contend that the trial court erred when it granted summary disposition on the basis that defendants did not owe Julian a duty. We disagree.

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 116; 839 NW2d 223 (2013). To survive a motion for summary disposition, once the nonmoving party has identified issues in which there are no disputed issues of material fact, the burden is on the plaintiff to show that disputed issues exist. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

To prove negligence, a plaintiff must show that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the plaintiff was injured, and (4) the defendant's breach caused the plaintiff's injury. *Henry v Dow Chemical Co*, 473 Mich 63, 71-72; 701 NW2d 684 (2005). A party may maintain a negligence action, including a premises liability action, only if the defendant had a duty to conform to a particular standard of conduct. *Riddle v McLouth Steel Prods Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). Generally, a plaintiff proves that a defendant breached his or her duties by establishing that the defendant's actions fell below the general standard of care to act reasonably to prevent harm to others. *Case v Consumers Power Co*, 463 Mich 1, 6-7; 615 NW2d 17 (2000).

The trial court stated it best when it said, while ruling on the motion, "Quite frankly, I cannot find a duty that would have been owed to this young man that would have been breached." Liability arises solely from the defendant's duty as an owner, possessor, or occupier of land. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). In this case, there is no factual dispute that defendants' property, the pole itself, contained metal rods that were over 7 feet off the ground. There is no evidence that the condition of the pole itself was dangerous. Defendants exercised reasonable care when they placed the rods higher than even an adult could reach.

The Terrys allege that defendants had a duty to inspect the nearby trees to ensure that they did not provide access to the power line. The Terrys misread *Schultz v Consumers Power Co*, 443 Mich 445; 506 NW2d 175 (1993). In *Schultz*, electricity escaped a frayed power line and electrocuted a man holding a nearby ladder. *Id*. at 448. The Court held that "a power company has an obligation to reasonably inspect and repair wires and other instrumentalities in order to discover and remedy hazards and defects." *Id*. at 451. In other words, the *Schultz* case involved the escape of a utility's property—electricity—from confinement because of the condition of other property—wires—under the utility's control.

In this case, the Terrys have simply failed to provide evidence to create a question of fact regarding whether defendants acted reasonably. Liability for a condition of land arises solely from a defendant's status as an owner, possessor, or occupier of the land, and there is no evidence that defendants owned or controlled the tree that Julian used to circumvent their safety precautions. These safety precautions included not beginning the rods until over 7 feet above the

ground, out of the reach of children and most adults. Defendants are no more responsible for the tree that Julian used to circumvent that precaution than they would be had Julian used a ladder to reach the rods. We conclude that the trial court properly granted summary disposition.

We affirm.

/s/ Peter D. O'Connell
/s/ Donald S. Owens